IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 15 Case |
| LZLABS GMBH, | § § | Case No. 25-60769 (MMP) |
| Debtor in a Foreign Proceeding. | § § § | |

### *EMERGENCY* MOTION OF THE DEBTOR, AS FOREIGN REPRESENTATIVE, FOR PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTION 1519

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on October 28, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:

LzLabs GmbH ("LzLabs" or "Debtor" or "Foreign Representative"), solely in its capacity as applicant in a foreign restructuring proceeding, with consent of Transliq AG ("Transliq" or "Administrator"), in its capacity as provisional administrator, pursuant to the *Order of 15 August 2025* (the "Moratorium Order")[1] entered by the District Court of Bülach in the Canton of Zürich, Switzerland, Court File No. EC250012-C/Z1 (the "Swiss Court" and the "Swiss Proceedings"), which approved the corresponding application and granted a provisional moratorium for an initial four month period, respectfully submits this *Emergency Motion of the Debtor, as Foreign Representative, for Provisional Relief Pursuant to Bankruptcy Code Section 1519* (the "Motion")

---

[1] A true and correct copy of the Moratorium Order containing certain redactions has been filed contemporaneously with the Official Form 401 Petition and is incorporated herein for all purposes. A separate emergency motion to file the Moratorium Order under seal has also been contemporaneously filed. The provisional moratorium is pending under Article 293 *et seq.* of the *Swiss Federal Act on Debt Enforcement and Bankruptcy Act* (*Bundesgesetz über Schuldbetreibung und Konkurs*) ("SDEBA").

for an order, substantially in the form attached hereto (the "Proposed Order"), granting provisional relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") to protect the Debtor and its property within the territorial jurisdiction of the United States pending recognition of the Swiss Proceedings by this Court. In further support hereof, the Debtor as Foreign Representative respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. The Debtor commenced the Swiss Proceedings to protect its assets and business as a going concern, and, because the Debtor is subject to litigation in the United States, the Debtor, as the Foreign Representative, files this Motion and seeks the protections afforded by chapter 15 of the Bankruptcy Code in order to facilitate the ongoing administration of the Swiss Proceedings and (i) protect the value of Debtor's intellectual property assets, (ii) stop the drain of essential resources in defense of ongoing litigation in the U.S., and (iii) provide the opportunity to explore and pursue restructuring options in accordance with the Swiss Proceedings.

2. More specifically, while the Swiss Court has stayed creditor collection activities and litigation against the Debtor (subject to certain exceptions specifically referred to in the SDEBA) to protect it and any of its assets in Switzerland, the Debtor remains subject to litigation in this U.S. District regarding certain intellectual property assets registered in the United States.[2] The Debtor has limited resources, and any diversion of those resources to defend itself and its assets by continuing to meet briefing and discovery deadlines in the U.S. Court or any other courts throughout the United States threatens to derail the Swiss Proceedings and any other value-maximizing efforts to restructure on behalf of creditors.

---

[2] International Business Machines Corporation ("IBM") filed a lawsuit, Case 6:22-cv-00299 (the "U.S. Case"), against, among others, LzLabs, which is currently pending in the discovery phase in the United States District Court for the Western District of Texas, Waco Division (the "U.S. Court").

2

3. Accordingly, the Debtor seeks emergency provisional relief in the form of an immediately effective stay under section 362 of the Bankruptcy Code to protect the Debtor from ongoing litigation in the U.S. Court and anywhere else in United States.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. This chapter 15 case has been properly commenced pursuant to sections 1504 and 1509 of the Bankruptcy Code by the filing of a petition for recognition of the Swiss Proceedings under section 1515 of the Bankruptcy Code.

6. Venue is proper pursuant to 28 U.S.C. § 1410. The Debtor is subject to certain civil litigation (*i.e.*, the U.S. Case) currently pending in the United States District Court for the Western District of Texas, Waco Division.

7. The predicates for the relief requested herein are sections 105(a), 362, and 1519 of the Bankruptcy Code and rule 9014-1 of the Local Bankruptcy Rules for the Western District of Texas (the "Local Rules").

## III.    RELIEF REQUESTED

8. The Foreign Representative respectfully requests entry of the Proposed Order granting the following immediate provisional relief pending recognition of the Swiss Proceedings:

    a.    making section 362 of the Bankruptcy Code applicable with respect to the Debtor and the Debtor's property within the territorial jurisdiction of the United States,

3

and, without limiting the generality of the foregoing, the Order shall impose a stay within the territorial jurisdiction of the United States of:

    i.    the filing or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been filed before the filing of the Debtor's chapter 15 case, or to recover a claim against the Debtor that arose before the filing of the Debtor's chapter 15 case;

    ii.    the enforcement, against the Debtor or against the assets of the Debtor, of a judgment obtained before the filing of the Debtor's chapter 15 case;

    iii.    any act to obtain possession of assets of the Debtor or of assets from the Debtor or to exercise control over assets of the Debtor;

    iv.    any act to create, perfect, or enforce any lien against assets of the Debtor;

    v.    any act to create, perfect, or enforce against assets of the Debtor any lien to the extent that such lien secures a claim that arose before the filing of the Debtor's chapter 15 case;

    vi.    any act to collect, assess, or recover a claim against the Debtor that arose before the filing of the Debtor's chapter 15 case; and

    vii.    the setoff of any debt owing to the Debtor that arose before the filing of the Debtor's chapter 15 case against any claim against the Debtor;

b.    to the extent section 362 of the Bankruptcy Code is not applicable, granting a stay pursuant to section 105(a) of the Bankruptcy Code that is substantially equivalent to the stay sought in paragraphs 8.a.i. through 8.a.vii. above;

c.    notwithstanding any provision in the Bankruptcy Rules to the contrary, the order be effective immediately and enforceable upon entry; and

d.    such other relief as may be just and proper.

9.    In support of the relief requested in this Motion, the Foreign Representative respectfully incorporates (a) *Declaration of Christopher Jarke in Support of Debtor's (A) Verified Petition for (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code, and (B) Emergency Motion of the Debtor, as Foreign Representative, for Provisional Relief Pursuant to Bankruptcy Code Section 1519* (the "<u>Jarke Declaration</u>"); (b) *Declaration of Roland Peter Fischer as Foreign*

4

*Counsel* (the "Fischer Declaration"); and (c) *Declaration of Philipp Possa as Foreign Administrator (Transliq)* (the "Possa Declaration", and together with the Jarke Declaration and Fischer Declaration, the "Supporting Declarations").

## IV. BASIS FOR RELIEF

**A. Section 1519 of the Bankruptcy Code Authorizes the Requested Provisional Relief.**

10. The Foreign Representative filed this chapter 15 case seeking recognition of the Swiss Proceedings as a foreign main proceeding under section 1517 of the Bankruptcy Code. Section 1519 of the Bankruptcy Code permits the Court "from the time of filing a petition for recognition until the court rules on the petition" to grant broad provisional relief where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a).

11. Furthermore, section 1519(a) sets forth the scope of available provisional relief, which includes:

(1) staying execution against the debtor's assets;

(2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of the assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

(3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a). Section 1521(a)(7) authorizes the court, upon recognition of a foreign proceeding, to grant "any appropriate relief," including "granting any additional relief that may be available to a trustee," such as the relief available under section 362 of the Bankruptcy Code. 11 U.S.C. § 1521(a)(7).

5

12. Accordingly, the Foreign Representative seeks emergency provisional relief under section 1519 of the Bankruptcy Code and the application of section 362 of the Bankruptcy Code for the purpose of protecting the Debtor and any assets until this Court rules on the Debtor's chapter 15 petition. The relief requested in this Motion aligns with the purpose of chapter 15, "to provide effective mechanisms for dealing with cases of cross-border insolvency" through (a) the promotion of cooperation between U.S. courts and courts of foreign countries, (b) the fair and efficient administration of cross-border insolvencies and (c) the protection and maximization of the debtor's assets. *See* 11 U.S.C. §§ 1501(a)(1), (3), and (4).

13. The relief sought in this Motion is frequently granted in chapter 15 cases. Bankruptcy courts in this district and other districts in the Fifth Circuit have granted a provisional stay under section 362 of the Bankruptcy Code or ordered similar relief until a determination is made with respect to recognition of a foreign proceeding. *See, e.g., In re Kodiak Services (USA) Inc.,* No. 19-70031-tmd (Bankr. W.D. Tex. April 5, 2019), ECF No. 27; *In re ATK Oilfield Transportation Inc.*, No. 16-70042-tmd (Bankr. W.D. Tex. April 4, 2016), ECF No. 17; *In re Gasfrac Energy Services Inc.*, No. 15-50161-cag (Bankr. W.D. Tex. Jan. 16, 2015), ECF No. 15; *In re Cimolai S.p.A.*, Case No. 23-90109, ECF No. 13 (Bankr. S.D. Tex. Mar. 10, 2023); *In re Just Energy Group Inc.*, Case No. 21-30823, ECF No. 23 (Bankr. S.D. Tex. Mar. 9, 2021); *In re ENTREC Corporation*, Case No. 20-32643, ECF No. 13 (Bankr. S.D. Tex. May 15, 2020).

**B.    Provisional Relief is Needed to Protect the Debtor's Assets and the Interests of All Stakeholders.**

14. Here, emergency provisional relief is needed to protect the Debtor's intellectual property assets in the United States and to limit the depletion of vital resources in the U.S. Case while the Debtor attempts to maximize the value of Debtor's assets in the Swiss Proceedings. There is necessarily a gap in time between when the petition for recognition is filed and when the

6

court will decide whether a foreign proceeding should be recognized. 11 U.S.C. § 1517(c). Upon filing a chapter 15 petition, a debtor is not automatically entitled to the automatic stay. Here, an order granting provisional relief in the form of a stay "is urgently needed." 11 U.S.C. § 1519(a).

15. The Debtor's directors, officers, and management are located in Wallisellen, Bülach District, Canton of Zürich in Switzerland. Jarke Declaration at ¶ 8. The Debtor has intellectual property assets supporting its business registered with the U.S. Patent and Trademark Office as well as in other countries globally. *Id.* The Debtor does not have any customers or non-IP assets (other than retainers for legal counsel) in the United States. The Debtor does not employ any employees residing in the United States. *Id.* The Debtor currently remains operational and in control of its business (subject to the requirements under the Swiss Proceeding). *Id.*

16. Absent provisional relief, the Debtor faces significant risk that IBM or other parties within the territorial jurisdiction of the United States may pursue, and then enforce, a judgment against the Debtor and/or its intellectual property assets. Moreover, the significant cost and expense of defending against the U.S. Case would only further drain critical resources necessary for administration of the Swiss Proceedings. Specifically, the Debtor may face certain discovery and briefing deadlines in the near term. Such actions and costly efforts would circumvent, and interfere with, the administration of the Swiss Proceedings and the restructuring options that the Debtor intends to explore and pursue therein. Thus, protecting the Debtor from ongoing litigation in the United States until a decision is made on recognition of the Swiss Proceedings is necessary to ensure the Swiss Proceedings are not adversely affected prior to this Court's ruling.

17. As stated above, the provisional relief under section 1519(a)(2) of the Bankruptcy Code is warranted to allow the Debtor, consistent with the Swiss Proceedings and under

7

supervision of the Swiss Court and the Administrator, to continue the exploration and pursuit of restructuring options in the Swiss Proceedings.

**C.     The Requested Relief Meets the Standards for a Preliminary Injunction.**

18.    Section 1519(e) of the Bankruptcy Code provides that "[t]he standards, procedures, and limitations applicable to an injunction shall apply to relief under this section." In the Fifth Circuit, the general standard for injunctive relief requires a showing of the following elements:

   a.    a substantial likelihood of success on the merits;

   b.    a substantial threat that the movant will suffer irreparable injury if the injunction is not issued;

   c.    that the threatened injury to the movant outweighs any damage that the injunction might cause the opponent; and

   d.    that the injunction will not disserve the public interest.

*See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)); *Blue Bell Bio-Medical v. Cin-Bad, Inc.*, 864 F.2d 1253, 1256 (5th Cir. 1989); *see also Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979). With respect to these factors, courts take a "flexible approach and no one factor is determinative." *Nevada Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 409 (S.D.N.Y. 2007) (internal citations omitted) (citing *Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, 2006 WL 3755175, at *4 (S.D.N.Y. Dec. 20, 2006)). Here, each of the factors is satisfied.

**D.     The Foreign Representative has a Substantial Likelihood of Success on the Merits.**

19.    The Foreign Representative has a substantial likelihood of success on the merits with respect to obtaining recognition of the Swiss Proceedings as a foreign main proceeding under chapter 15 and the benefits that flow therefrom automatically pursuant to section 1520 of the Bankruptcy Code, such as application of section 362 of the Bankruptcy Code. As set forth in the

8

Verified Petition, the Foreign Representative has demonstrated that the Swiss Proceedings are a foreign main proceeding (as defined in section 1502(4) of the Bankruptcy Code) and that the Foreign Representative is a proper foreign representative (as defined in section 101(24) of the Bankruptcy Code).

20. Upon recognition of a foreign proceeding, the provisional relief sought in this Motion is granted automatically under section 1520 and "sections 361 and 362 [will] apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States." 11 U.S.C. § 1520(a)(1).

21. Even if the Court were to recognize the Swiss Proceedings as a "foreign nonmain proceeding," section 1521(a) of the Bankruptcy Code authorizes the Court to grant "any appropriate relief" at the request of the recognized foreign representative "where necessary to effectuate the purpose of [chapter 15] and to protect the assets of the debtor or the interests of the creditors[,]" including:

   a. staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);

   b. staying execution against the debtor's assets to the extent it has not been stayed under section 1520(a);

   c. extending relief granted under section 1519(a); and

   d. granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a) of the Bankruptcy Code.

*See* 11 U.S.C. §§ 1521(a)(1), (2), (6), and (7).

22. This Court may grant relief under section 1521 of the Bankruptcy Code if the interests of "the creditors and other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a). The granting of additional relief is consistent with the goals of

9

international cooperation and assistance to foreign courts embodied in chapter 15 and is necessary to administer the Swiss Proceedings. Comity is a central tenet of chapter 15 and is "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 113, 143 (1895); *see Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 525 (5th Cir. 2015); *Ad Hoc Group of Vitro Noteholders v. Vitro SAB de CV (In re Vitro SAB de CV)*, 701 F.3d 1031, 1053 (5th Cir. 2012). The extension of comity to orders issued in Swiss insolvency proceedings is common in U.S. bankruptcy courts, and as set forth above, courts have granted relief substantially similar to the relief sought by this Motion.

E.  **There is a Substantial Threat of Irreparable Injury if the Interim Relief is not Granted.**

23. The Proposed Order provides for a stay of litigation in the U.S. to protect the Debtor and its intellectual property assets on similar terms as the stay authorized in the Moratorium Order in the Swiss Proceedings. Because the Debtor is a defendant in the U.S. Case, IBM will most likely continue pursuing claims and contested matters against the Debtor in the U.S. Court in the near term. If IBM (or other parties) pursue actions against the Debtor, the Debtor will be required to continue expending significant funds in defense of such litigation and in response to contested matters and discovery, which cost would adversely affect the administration of the Swiss Proceedings and the ability to explore value-maximizing restructuring options in a single forum. The Debtor seeks to avoid risking the diversion of the Debtor's limited resources to addressing those parties and actions in the United States during the Swiss Proceedings. *See, e.g., In re Netia Holdings S.A.*, 278 B.R. 344, 352 (Bankr. S.D.N.Y. 2002) (explaining that "[i]t is well established . . . that the dissipation of the finite resources of an insolvent estate constitutes irreparable injury.");

*In re MMG, LLC*, 256 B.R. 544, 555 (Bankr. S.D.N.Y. 2000) (finding that "irreparable harm exists whenever local creditors of the foreign debtor seek to collect their claims or obtain preferred positions to the detriment of other creditors.").

24. Accordingly, the provisional relief is necessary on an emergency basis to protect the Debtor, the Swiss Proceedings, and the restructuring efforts pursued therein.

**F.  The Threatened Injury to the Debtor Outweighs any Damage the Interim Relief Would Cause to a Creditor.**

25. The provisional relief sought hereunder will benefit the Debtor's creditors by allowing the Foreign Representative to focus on a value-maximizing restructuring options and facilitate the fair and efficient administration of the Swiss Proceedings. In contrast, the harm to any particular creditor from a stay pending recognition is minimal and subject to the right of any creditor to request relief therefrom.

26. Accordingly, the purported harm to any particular creditor by a stay is greatly outweighed by the harm caused to all of the Debtor's other stakeholders, if the Debtor's ability to pursue a value-maximizing restructuring in the Swiss Proceedings were compromised.

**G.  The Provisional Relief will not Disserve the Public Interest.**

27. The provisional relief sought hereunder will not disserve the public interest. Rather, granting the provisional relief promotes the public interest. *See Cornfeld v. Invs. Overseas Servs., Ltd.*, 471 F.Supp. 1255, 1259 (S.D.N.Y. 1979), *aff'd* 614 F.2d 1286 (2d Cir. 1979) (explaining that "American public policy would be furthered, for the firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction."). Creditors will have an opportunity to participate in the Swiss Proceedings, which considers and balances the needs of the various creditor constituencies in a collective orderly process, and to participate in any hearing on the granting of final relief in this

Court. The provisional relief sought here would be temporary, pending a decision on recognition, and would not hamper the ability of creditors to assert their rights in the Swiss Proceedings. The harm to the Debtor and its assets that would occur absent granting the provisional relief would be far greater than any potential prejudice to stakeholders that might wish to pursue their individual remedies in the United States in disregard of the Swiss Proceedings.

28. Accordingly, the Foreign Representative has demonstrated that the Debtor meets the standards applicable to an injunction, and thus, an emergency provisional stay pending the Court's decision on recognition should be granted.

### V. BASIS FOR EMERGENCY RELIEF

29. Pursuant to Bankruptcy Rule 6003 and Local Rule 9013-1(i), the Foreign Representative requests emergency consideration of this Motion. The Foreign Representative seeks emergency provisional relief under sections 105(a) and 1519 of the Bankruptcy Code, imposing a stay to protect the Debtor and its assets against litigation and other actions until and through the Court's decision on the chapter 15 petition filed contemporaneously with this Motion. Prior to entry of a recognition order, the Debtor does not automatically have the protection of section 362 of the Bankruptcy Code. Emergency provisional relief is necessary to prevent creditors and other parties from taking action against the Debtor in the United States that could disrupt the administration of the Swiss Proceedings and interfere with a value-maximizing restructuring process for the benefit of all creditors and stakeholders.

### VI. WAIVER OF FEDERAL RULE OF CIVIL PROCEDURE 65(C)

30. Bankruptcy Rule 7065 expressly provides that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." To the extent rule 65 of the Federal Rules of Civil Procedure applies, the Foreign Representative believes that the security requirements imposed by rule 65(c)

are unwarranted under the circumstances and requests a waiver of such requirements pursuant to Bankruptcy Rule 7065.

## VII. NOTICE

31. The Debtor has provided notice of this Motion via email or first class mail to: (a) the Office of the United States Trustee; (b) the United States Attorney for the Western District of Texas; (c) all persons or bodies authorized to administer the Swiss Proceedings; (d) all parties to litigation pending in the United States in which the Debtor is a party as of the date hereof; (e) all known equity holders of the Debtor; (f) all parties against whom the Debtor, on the Petition Date, is seeking relief pursuant to section 1519 of the Bankruptcy Code; and (g) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002. In light of the relief requested, the Foreign Representative submits that no further notice is necessary.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as may be just and proper.

Dated: October 24, 2025.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

/s/ Garrick C. Smith
John D. Cornwell
Texas Bar No. 24050450
Garrick C. Smith
Texas Bar No. 24088435
Alexander R. Perez
Texas Bar No. 24074879
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-1470
jcornwell@munsch.com
gmsith@munsch.com
arperez@munsch.com

*Counsel for LzLabs GmbH*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of October, 2025, a true and correct copy of the foregoing Motion was served electronically through the Court's ECF transmission facilities on all parties registered to receive ECF notice in the above-captioned case and via email and/or first-class mail to all parties as indicated on the attached service list.

      */s/ Alexander R. Perez*
      Alexander R. Perez
      Texas Bar No. 24074879

## SERVICE LIST

*By First Class Mail and Email*
International Business Machines Corporation
One New Orchard Road
Armonk, NY 10504

*By First Class Mail and Email*
International Business Machines Corporation
c/o Desmarais LLP
Attn: Adam Steinmetz
Attn: Ha Vu Thu Huynh
Attn: Justin P.D. Wilcox
Attn: Patrick J Walters
Attn: Sumeet Dang
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Email: asteinmetz@desmaraisllp.com
Email: hhuynh@desmaraisllp.com
Email: pwalters@desmaraisllp.com
Email: jwilcox@desmaraisllp.com
Email: pwalters@desmaraisllp.com
Email: sdang@desmaraisllp.com

*By First Class Mail and Email*
International Business Machines Corporation
c/o Desmarais LLP
Attn: John M. Desmarais
Attn: Jordan Owens
Attn: Steven M. Balcof
230 Park Avenue, Ste 27th Floor
New York, NY 10169
Email: jdesmarais@desmaraisllp.com
Email: jowens@desmaraisllp.com
Email: sbalcof@desmaraisllp.com

*By First Class Mail and Email*
International Business Machines Corporation
c/o Kirkland & Ellis LLP
Attn: Jeanne M. Heffernan
401 W. Fourth Street
Austin, TX 78701
Email: jheffernan@kirkland.com

*By First Class Mail and Email*
International Business Machines Corporation
c/o Kirkland & Ellis LLP
Attn: Noah S. Frank
200 Clarendon Street
Boston, MA 02116
Email: noah.frank@kirkland.com

*By First Class Mail and Email*
International Business Machines Corporation
c/o The Dacus Firm, P.C.
Attn: Deron R. Dacus
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Email: ddacus@dacusfirm.com

*By First Class Mail and Email*
Transliq AG
Attn: Robert Bächler and Philipp Possa, Client Managers
Schwanengasse 5/7
3001 Bern
Switzerland
Email: robert.baechler@transliq.ch
Email: philipp.possa@transliq.ch

Transliq AG
Bahnhofstrasse 37
8001 Zürich
Switzerland

*By First Class Mail and Email*
LzLabs GmbH
Attn: Jan Jaeger
Attn: Christopher Jarke
Richtiarkade 16
8304 Wallisellen
Switzerland
Email: Jan.Jaeger@lzlabs.com
Email: christopher.jarke@lzlabs.com

*By First Class Mail and Email*
LzLabs GmbH
c/o Lenz & Staehelin
Attn: Tanja Luginbühl
Attn: Roland Fischer
Attn: Susanne Brütsch
Brandschenkestrasse 24
8027 Zurich
Switzerland
Email: tanja.luginbuhl@lenzstaehelin.com
Email: roland.fischer@LenzStaehelin.com
Email: Susanne.Bruetsch@lenzstaehelin.com

**SERVICE LIST**

| | |
|---|---|
| *By First Class Mail*<br>Software Defined Solutions LLC<br>c/o Corporation Service Company, Registered Agent<br>251 Little Falls Drive<br>Wilmington DE 19808<br><br>*By First Class Mail*<br>Justin R. Simmons<br>U.S. Attorney, Western District of Texas<br>601 NW Loop 410, Suite 600<br>San Antonio, Texas 78216<br><br>*By First Class Mail*<br>Gary Wright, Assistant U.S. Trustee<br>230 Homer Thornberry Judicial Bldg.<br>903 San Jacinto Blvd.<br>Austin, Texas 78701 | |